# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL L. ROBINSON,

                Plaintiff,

        -vs-                          Case No.   12-cv-992

DODGE COUNTY CORRECTIONAL, CO T. OERTEL,
JAMES SCHWOCHERT, and HEALTH SERVICES UNIT,

                Defendants.

# DECISION AND ORDER

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the following motions: (1) plaintiff's motion for leave to proceed *in forma pauperis*; (2) the plaintiff's motion to appoint counsel; (3) the plaintiff's motion for order to pay initial partial filing fee from release account; (4) plaintiff's motion for extension of time to pay initial partial filing fee. The Court must also screen the plaintiff's complaint.

## I. FILING FEE MOTIONS

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding

the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and was assessed an initial partial filing fee of $4.32.  The Court granted a motion for an extension of time to pay the initial partial filing fee.

The plaintiff then wrote the Court a letter, docketed on December 6, 2012, asking to pay his initial filing fee from his release account and asking for additional time to pay the initial partial filing fee.  Each request was docketed as a motion.  Before the Court could consider these motions, a payment of $17.63 was received for this case.  It appears that the prison was waiting to forward the funds until it had a larger payment to send on the plaintiff's behalf.  The receipt of the payment rendered both of these motions moot.

The plaintiff's motion for leave to proceed *in forma pauperis* will be granted.  To date, the plaintiff paid a total of $47.75 towards his filing fee.

## II.  SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is

2

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  Legal conclusions must be supported by factual allegations. *Id.*  If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and

3

2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Complaint Averments

On May 25, 2012, defendant Officer T. Oertel gave the plaintiff the wrong psychiatric medication. Oertel realized as the plaintiff was walking away that she had given him the wrong medication and called him back. She asked the plaintiff if he could make himself vomit, and the plaintiff said that he could not. She told the plaintiff he might need to go to the hospital. She then called the Health Services Unit (HSU) and explained what had happened. The person Oertel spoke with in the HSU told Oertel that the plaintiff would be okay and that he would just sleep well. The plaintiff suffered side effects of light head, nausea, cold sweats, dry mouth, and stomach pain for three to four days. He did not report his symptoms to the HSU because he did not have the $7.50 copay and because he felt insecure with the medical staff, was not 100% sure what the side effects were from, and figured he would get over it.

Following this incident, the plaintiff asked to receive his medication from a licensed nurse, but his request was denied. The plaintiff is now afraid of receiving his

4

medication and feels his life is in constant danger from receiving his medication from a non-medical professional. As a result of this fear, the plaintiff has refused his medication.

The plaintiff suffers from major depressive disorder, recurrent, severe, without psychotic features, as well as generalized anxiety disorder. It is a struggle every day for him to go without his medication, but he is afraid of receiving his medication from a correctional officer.

The plaintiff asserts an Eighth Amendment medical care claim and a claim for medical malpractice. The plaintiff seeks $950,000,000 and wants to receive his medication from a nurse.

**B. Discussion**

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

Assuming that the plaintiff's ingestion of the wrong medication constitutes a serious medical need, a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Norfleet*, 439 F.3d at 396; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (a finding of deliberate indifference requires evidence "that the official was aware of

5

the risk and consciously disregarded it nonetheless"). Negligence does not meet this standard and "even admitted medical malpractice does not give rise to a constitutional violation. *Norfleet*, 439 F.3d at 396 (quoting *Walker*, 293 F.3d at 1037); *see also Estelle*, 429 U.S. at 106.

Oertel's actions, as described by the plaintiff, constitute nothing more than negligence. In fact, the picture the plaintiff paints of Oertel was of someone who was concerned about the plaintiff, admitted her mistake, contacted the HSU for guidance, and was open to the possibility of taking the plaintiff to the hospital for treatment, if necessary. Therefore, the plaintiff may not proceed on a claim that Oertel was deliberately different to his serious medical need. Also, because Oertel is not a medical professional, the plaintiff may not sustain a medical negligence claim against her.

The plaintiff also may not proceed on any claim against defendant Warden James Schwochert in his individual capacity. Warden Schwochert affirmed with modification the recommendation of the inmate complaint examiner in his capacity as a reviewer.

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules ... along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to the bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Thus, "[r]uling against a prisoner on

6

an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a complete act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). "One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. If, for example, a complaint examine routinely sent each grievance to the shredder without reading it, that might be a ground of liability. Or a complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable." *Burks*, 555 F.3d at 595) (citations omitted).

Even if the Court allowed the plaintiff to proceed on a claim against Warden James Schwochert regarding the policy of having correctional officers distribute medication, that would be an official capacity claim and only injunctive relief could be granted. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Yet the plaintiff has been transferred and is no longer at Dodge Correctional Institution. Therefore, any requests for injunctive and equitable relief are moot. *Stewart v. McGinnis*, 5 F.3d 1031, 1038 (7th Cir. 1993); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990).

Finally, the court notes that Dodge Correctional Institution and the Health Services Unit are not proper defendants. Neither is a "person" for purposes of § 1983. *See Lapides v. University of Georgia*, 535 U.S. 613, 617-18 (2002). They are subdivisions of the state within the Department of Corrections.

7

### III. MOTION TO APPOINT COUNSEL

The plaintiff filed a note stating simply that he "would like to be appointed court counsel" and that he wanted a jury trial. The Court will deny this request as moot because the plaintiff's complaint is being dismissed.

### IV. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to pay initial partial filing fee from release account (Docket #10) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to pay initial partial filing fee (Docket #10) is **denied as moot**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #4) is **denied as moot**.

8

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $302.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

9